Dear Mrs. Shirley:
We are in receipt of your request for an opinion on behalf of the Concordia Parish Police Jury. You ask whether the law requires having a justice of the peace and constable, even though a city Judge and Court is available? You also ask, may the police jury abolish these two positions and if so, what must be done to legally abolish these two positions?
In 1980, LSA-R.S. 13:1872(A) was amended, to read as follows:
 A. (1) In all wards where city courts exist. . . . the voters thereof shall elect a city judge, upon whose election the jurisdiction of justice of the peace and constable in that portion of the ward or wards in which the city is contained shall cease;. . . .
Act 577 of 1980 changed the language of R.S. 13:1872(A), providing instead that the jurisdiction of the justice of the peace and constable shall cease, rather than the offices to disappear ipso facto.
In 1990 and 1993, the Attorney General addressed the issues your parish now faces. In Opinion Numbers 90-317 and 93-8, the Attorney General referred to 19th Judicial District Court caseCrooks v. Hon. Paul J. Hardy, Secretary of State for theState of La., (1979), the court held that:
 "[w]hether these offices (justice of the peace and constable in Ward 10, Rapides Parish) still exist depends on the interpretation of an apparent conflict between the 1974 Louisiana Constitution (Article 5, Section 20) and 1960 Legislation (R.S. 13:1872). Statutory construction is clearly a judicial function . . . whether the offices exist is a matter for the judiciary to determine. This case is not in a proper procedural posture to resolve the issue of whether there is concurrent jurisdiction of the justice of the peace in Ward 10 and City Court of Pineville. . . If the persons with the proper standing so desire, they can then challenge petitioner's offices in appropriate judicial proceedings."
We reconfirm Opinion Numbers 90-317 and 93-8 and conclude that the offices of justice of the peace and constable in Concordia Parish are to continue in existence until the legislature takes action to abolish them through specific legislation.
I hope this answers your concerns and if we can be of any further assistance to you in this matter, please let us know.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ ROLAND J. DARTEZ Assistant Attorney General
Mrs. Robbie Shirley Secretary-Treasurer Concordia Parish Police Jury 4001 Carter Street, Room 1 Vidalia, LA 71373
DATE RECEIVED: DATE RELEASED:
ROLAND J. DARTEZ ASSISTANT ATTORNEY GENERAL